UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL L. BENKE,<br>          Plaintiff,<br>     v.<br>M. BITER, et al.,<br>          Defendants. | Case No. 20-cv-09401-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at Richard J. Donovan State Prison, has filed the instant *pro se* action pursuant to 42 U.S.C. § 1983 alleging that prison officials at Salinas Valley State Prison ("SVSP"), where he was previously housed, violated his constitutional rights. His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. He has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.**  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Complaint**

The complaint names the following individuals as defendants: SVSP Chief Deputy Warden M. Biter, SVSP Lt. Maldonado; SVSP Investigative Services Unit officer Vinson; SVSP officer Beltran; SVSP officer Bautista; SVSP officer Reyes; SVSP warden M. Atchley; and inmate Korsten (#156944). Dkt. No. 1 at 1-2.

The complaint makes the following allegations.

In or around August 2016, there was a staff assault in Mule Creek State Prison. It is unclear how this assault was related to Plaintiff (in other words, if staff assaulted Plaintiff, Plaintiff assaulted staff, Plaintiff reported the assault, or something else happened). In retaliation for this assault, unidentified SVSP staff placed inmate Korsten in Plaintiff's cell. On June 3, 2019, inmate Korsten sexually assaulted Plaintiff and attempted to murder Plaintiff. Inmate Korsten had two other inmates look out for staff so Korsten would not be caught assaulting Plaintiff. Plaintiff notified defendants Beltran, Bautista, and Reyes about the sexual assault and attempted murder. When Plaintiff went on suicide watch, defendant Vinson conducted the investigation and placed Plaintiff's life in danger by "breaking the code of the confidentiality agreement." Defendant Atchley failed to investigate the matter. Plaintiff was not afforded a medical examination. Dkt. No. 1 at 3.

The complaint will be dismissed with leave to amend for the following reasons.

2

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833; *Cortez v. Skol*, 776 F. 3d 1046, 1050 (9th Cir. 2015). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id.* at 837. A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and the official must also draw the inference. *See id.* However, an Eighth Amendment claimant need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm. *See id.* at 842. Neither negligence nor gross negligence will constitute deliberate indifference. *See id.* at 835-36 & n.4; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, there is no factual content pled from which it can be reasonably inferred that Defendants knew that inmate Korsten would sexually assault or attempt to murder Plaintiff. Plaintiff does not explain how Defendants knew about the assault at Mule Creek State Prison, how or why the assault at Mule Creek State Prison would result in retaliatory action, and how each defendant was specifically responsible for housing Plaintiff with inmate Korsten (or how each defendant failed to separate inmate Korsten and Plaintiff upon learning that Plaintiff was in danger of assault). Plaintiff's allegation that inmate Korsten solicited the assistance of other inmates to hide the assault and attempted murder seemingly contradicts his claim that prison officials were

1 aware of, and approved, inmate Korsten's actions.  To state a cognizable Eighth Amendment
2 failure-to-protect claim, Plaintiff must plead factual content, with respect to each individual
3 defendant, from which it can be reasonably inferred that each defendant knew of, and disregarded,
4 a risk to Plaintiff's safety, and failed to take reasonable steps to abate the risk.[1]  Because it appears
5 possible that Plaintiff may be able to correct these deficiencies, the Court DISMISSES the
6 complaint with leave to amend, if Plaintiff can truthfully do so.  *Lopez v. Smith*, 203 F.3d 1122,
7 1127–29 (9th Cir. 2000) (if court determines pleading could be cured by allegation of other facts,
8 *pro se* litigant entitled to opportunity to amend complaint before dismissal of action).  Plaintiff is
9 cautioned that "[t]hreadbare recitals of the elements of a cause of action, supported by mere
10 conclusory statements, do not suffice" to state a cognizable cause of action, and that the Court is
11 not bound to accept as true a legal conclusion couched as a factual allegation.  *Ashcroft v. Iqbal*,
12 556 U.S. 662, 678 (2009).

## CONCLUSION

For the foregoing reasons, the Court orders as follows. Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint.  The amended complaint must include the caption and civil case number used in this order, Case No. C 20-09401 HSG (PR) and the words "AMENDED COMPLAINT" on the first page.  If using the court's form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.  An amended complaint completely replaces the previous complaints.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012).  Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate

---

[1] If Defendants' only involvement in the assault was responding to grievances filed after the assault, or conducting the Prison Rape Elimination Act investigation following the assault, Plaintiff has failed to state a cognizable Section 1983 claim against Defendants because (1) there is therefore no causal connection between Defendants and the assault, since Defendants' involvement took place after the assault, and (2) the existence of an inmate grievance or appeals process does not create a protected liberty interest upon which an inmate may base a due process claim on the grounds that he was denied a particular result or that the process was deficient, *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.") (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)); *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (inmate "does not have a federally protected liberty interest in having . . . grievances resolved to his satisfaction").

material from the prior complaint by reference. The amended complaint must be complete in itself without reference to any prior pleading. Failure to file an amended complaint in accordance with this order in the time may result in dismissal of this action without further notice to Plaintiff. The Clerk of the Court is directed to send Plaintiff two copies of the court's civil rights complaint form.

**IT IS SO ORDERED.**

Dated:  3/19/2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge